IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DOUGLAS DEON BROWN, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 3:24-cv-00218-B-BT |
| § | |
| CITY OF DALLAS, *et al.*, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this *pro se* civil rights action under 42 U.S.C. § 1983 are Motions to Dismiss from three Defendants, the City of Dallas (ECF No. 23), Dallas Police Department (DPD) Chief Eddie Garcia (ECF No. 24), and DPD Officer Holly Harris (ECF No. 35), as well as two motions from Plaintiff Douglas Deon Brown seeking leave to amend his complaint (ECF Nos. 53 and 59). For the reasons stated, the District Judge should grant the motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) and dismiss with prejudice Brown's claims against the City, Chief Garcia, and Officer Harris. The District Judge should deny Brown leave to amend his complaint to add another defendant.

**Background**

Brown initiated this lawsuit on January 26, 2024 against the City of Dallas, Chief Garcia, and DPD Officers Holly Harris and Robert Lyons. *See generally* Compl. (ECF No. 3). Brown's claims arise from his June 4, 2022 arrest, where he

1

alleges he was "arrested and beaten" by Officer Lyons, specifically "punched in the face with a closed fist while on the ground handcuffed" and that his "head was raised and then slammed into the concrete." *Id.* at 4.

The City of Dallas filed its Motion to Dismiss, arguing that Brown's Complaint fails to plead a plausible claim for municipal liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). City's Mot. 1 (ECF No. 23). And Chief Garcia and Officer Harris filed their respective Motions to Dismiss based on qualified immunity. *See generally* Garcia's Mot. (ECF No. 24) and Harris's Mot. (ECF No. 35). Officer Lyons filed an answer (ECF No. 56). Brown filed responses to each of the motions to dismiss (ECF Nos. 41, 42, and 43), and the moving Defendants filed replies (ECF Nos. 48, 49, and 50). Therefore, the motions are ripe for determination.

In subsequent filings, Brown seeks leave to amend his complaint to "remove" the City of Dallas, Chief Garcia, and Officer Harris as Defendants and to add DPD Officer Luciano as a Defendant.[1] *See* Mot. 1 (ECF No. 59). Brown states he was "unaware that officers could indeed be sued without naming employers," and he "wishes to proceed with only officers [Lyons] and [Luciano] as defendants." *Id.*

## Legal Standards

To survive a Rule 12(b)(6) motion, a plaintiff's complaint must contain

---

[1] Brown first identifies Officer Luciano as Byron Luciano (ECF No. 53) and later as Marcus Luciano (ECF No. 59).

sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

This pleading standard does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

When applying the plausibility standard, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations and citations omitted). But a court may not look beyond the pleadings.

*Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Review is "limited to the complaint, any documents attached to the complaint, and any documents attached to the [motion to dismiss] that are central to the claim and referenced by the complaint." *Smith v. Buffalo Wild Wings*, 2021 WL 4265849, at *2 (N.D. Tex. Sept. 20, 2021) (Fitzwater, J.) (citing *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)); *see also Inclusive Communities Project, Inc. v. Heartland Cmty. Ass'n, Inc.*, 399 F. Supp. 3d 657, 665 (N.D. Tex. 2019) ("In ruling on [a Rule 12(b)(6)] motion, the court cannot look beyond the pleadings." (citing *Spivey*, 197 F.3d at 774)), aff'd, 824 F. App'x 210 (5th Cir. 2020).

## Analysis

1. <u>The City of Dallas</u>

The City of Dallas moves to dismiss Brown's § 1983 claim asserted against it on the ground that he has failed to adequately plead the elements of a *Monell* claim. City's Mot. 1. Brown initially opposed dismissal, but later requested to "remove" the City from the lawsuit. *See* ECF Nos. 58 and 59. Therefore, the District Judge should grant the City's motion because Brown does not oppose the relief requested. The City is also entitled to relief on the merits, as set forth below.

A municipality is a "person" subject to liability under § 1983 only if municipal employees inflicted the deprivation of a constitutional right pursuant to an official policy or custom. *Monell*, 436 U.S. at 690; *see also Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001). Thus, to state a claim for municipal liability, a plaintiff must identify: "(1) an official policy (or custom), of which (2) a

policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom." *Valle v. City of Houston*, 613 F.3d 536, 541-42 (5th Cir. 2010) (quoting *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). Isolated unconstitutional actions by municipal employees will almost never trigger municipal liability. *Piotrowski*, 237 F.3d at 578. And a municipality cannot be held liable simply on a theory of *respondeat superior*. *Monell*, 436 U.S. at 691.

In his "Motion to Remove Defendants" (ECF No. 59), Brown apparently concedes that he cannot state a claim against the City based on *respondeat superior* liability. Thus, to the extent his complaint asserts liability based on such a theory, the District Judge should grant the City's motion to dismiss.

Additionally, the City argues that Brown's complaint "employs mere boilerplate language" and does not "allege facts from which this Court can reasonably infer any unconstitutional policies of the City, that any City policymaker was deliberately indifferent to the denial of constitutional rights, or that any City policy was the 'moving force' that caused his alleged injuries." City's Mot. 1. In his response, Brown asserts that the City "allow[ing] Officer Lyons to patrol even after several excessive force complaint[s] and conduct violations" shows a "custom or common practice in which the City of Dallas has failed to hold officers accountable." Resp. to City's Mot. 1 (ECF No. 41). He also argues that leaving investigations open is "a common practice that encourages officers to

5

violate the rights of citizens and go unpunished" and "the amount of open internal affairs complaints confirms a common practice." *Id.*

"An official policy 'usually exists in the form of written policy statements, ordinances, or regulations, but may also arise in the form of a widespread practice that is so common and well-settled as to constitute a custom that fairly represents municipal policy.'" *Covington v. City of Madisonville*, 812 Fed. Appx. 219, 225 (5th Cir. 2020) (per curiam) (quoting *James v. Harris Cnty.*, 577 F.3d 612, 617 (5th Cir. 2009)). A "pattern of conduct" is necessary when the municipal actors are not policymakers. *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 169 (5th Cir. 2010). "A pattern requires similarity and specificity; '[p]rior indications cannot simply be for any and all "bad" or unwise acts, but rather must point to the specific violation in question.' A pattern also requires 'sufficiently numerous prior incidents,' as opposed to 'isolated instances.'" *Peterson v. City of Fort Worth*, 588 F.3d 838, 851 (5th Cir. 2009) (citations omitted).

Brown's Complaint is limited to allegations of excessive force used against him on June 4, 2022. Compl. 4. He has not identified any official written policy or widespread custom or practice in his complaint, and he "provide[s] no context for the [C]ourt to draw the reasonable inference that an official custom of police officers using excessive force existed at the time of the incident giving rise to [Brown]'s claims." *See Walker v. City of Dallas*, 2024 WL 2734951, at *5 (N.D. Tex. May 28, 2024). Isolated unconstitutional actions by municipal employees, like those alleged of Officer Lyons, "are not the persistent, often repeated, constant

6

violations, that constitute custom and policy." *Piotrowski*, 237 F.3d at 581. To the extent Brown seeks to rely on any allegations of a practice pertaining to the City's alleged failure to investigate complaints, Brown has not pleaded a pattern with the requisite specificity, similarity, or numerosity. And where a plaintiff's *Monell* claim fails as to one prong—as is the case here—the Court "need not consider whether [his] claim also fails the other two *Monell* prongs." *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 497 & n. 11 (5th Cir. 2021); *see also Zarnow*, 614 F.3d at 168-69 (court need not consider "moving force" prong because it found no "custom or policy" to link to the allegedly unconstitutional conduct). The City is entitled to dismissal of Brown's claims against it.

Further, to the extent that Brown's claims against Police Chief Garcia and Officer Harris are in their official capacities, these claims "are claims against the municipality itself." *Fenner v. Hanna*, 2023 WL 8720721, at *7 (N.D. Tex. Nov. 3, 2023) (citing *Bennett v. Pippin*, 74 F.3d 578, 584 (5th Cir. 1996). Therefore, the standard for municipal liability also applies to any official capacity claims, and because Brown has failed to state a claim under *Monell*, he has also failed to state any official capacity claims against Chief Garcia and Officer Harris. *See Walker*, 2024 WL 2734951 at *2 (dismissing § 1983 claims against DPD officers sued in official capacity when duplicative of claims made against the government entity).

The District Judge should dismiss with prejudice Brown's claims against the City.

2. <u>Chief Garcia and Officer Harris</u>

Both Chief Garcia and Officer Harris move for dismissal of Brown's claims against them in their individual capacities on qualified immunity grounds. Brown initially opposed dismissal, but later requested to "remove" Chief Garcia and Officer Harris from the lawsuit. *See* ECF Nos. 58 and 59. Therefore, the District Judge should grant Chief Garcia and Officer Harris's motions because Brown does not oppose the relief requested. Chief Garcia and Officer Harris are also entitled to relief on the merits, as set forth below.

A governmental employee sued under § 1983 may assert the affirmative defense of qualified immunity. *White v. Taylor*, 959 F.2d 539, 544 (5th Cir. 1992). "Qualified immunity protects government officials performing discretionary functions from suit and liability for civil damages to the extent their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Blakely v. Andrade*, 360 F. Supp. 3d 453, 477 (N.D. Tex. 2019) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). In other words, qualified immunity protects government officials when their actions "could reasonably have been believed to be legal." *Anderson v. Valdez*, 845 F.3d 580, 599 (5th Cir. 2016). And "this immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Id.* (quoting *Malley v. Briggs*, 475 U.S. 335, 335 (1986)).

"Government officials like [Garcia and Harris] enjoy qualified immunity 'unless [Brown] pleads facts showing (1) that the official violated a statutory or

8

constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct.'" *Brown*, 985 F.3d at 494 (citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)). Further, courts "have discretion to decide which of the two prongs of qualified-immunity analysis to tackle first." *Id*. Here, the Court engages with the first prong first.

### A. Chief Garcia

Brown does not defeat Chief Garcia's qualified immunity defense because he does not allege that Garcia was personally involved in the violation of a statutory or constitutional right. A plaintiff in a § 1983 claim "must establish that the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation." *James v. Tex. Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008) (citing *Anderson v. Pasadena Indep. Sch. Dist.*, 184 F.3d 439, 443 (5th Cir.1999)). And "[a] supervisor is not personally liable for his subordinate's actions in which he had no involvement." *Id*. Brown names Garcia as a defendant but does not allege any facts to show that Garcia personally caused, directed, participated in, witnessed, or was even present at Brown's arrest.

In his Response, Brown argues "to allow the officer to go unpunish[ed] even after viewing the dash/body cam show[s] a failure to train." Resp. to Garcia's Mot. (ECF No. 42). Garcia correctly notes that this "general allegation[]" "amounts to little more than *respondeat superior* liability." Garcia's Reply 1 (ECF No. 50). Indeed, without factual allegations as to Garcia's personal involvement, Garcia's supervisory role is not enough to show any wrongful action on his part based on

9

the alleged wrongful action by his subordinate officer. *See Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017) (per curiam) ("Under § 1983, officials are not vicariously liable for the conduct of those under their supervision. Supervisory officials are accountable for their own acts of deliberate indifference and for implementing unconstitutional policies that causally result in injury to the plaintiff."). Brown tacitly concedes he cannot bring a claim against Chief Garcia based on a theory of *respondeat superior* liability. *See* Mot. (ECF No. 59) (explaining Brown was "unaware that officers could indeed be sued without naming employers").

To the extent that Brown asserts a failure-to-train claim, Chief Garcia argues this claim also fails. Garcia's Mot. 5. A plaintiff alleging failure to train or supervise under § 1983 must show that "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Est. of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005). Brown's Complaint does not allege that Chief Garcia failed to train and/or supervise the officer(s) who allegedly used excessive force. Brown's Response to Chief Garcia's motion mentions a failure to train but does not state any facts to support this allegation. Additionally, neither Brown's Complaint nor his Response state facts to support an allegation of deliberate indifference—"a stringent standard of fault" requiring:

> proof that a municipal actor disregarded a known or obvious consequence of his action. For an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Deliberate indifference requires a showing of more than negligence or even gross negligence. Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference and do not divest officials of qualified immunity. To satisfy the deliberate indifference prong, a plaintiff usually must demonstrate a pattern of violations and that the inadequacy of the training is 'obvious and obviously likely to result in a constitutional violation.

*Id.* (internal quotations and citations omitted).

The District Judge should dismiss with prejudice Brown's claims against Chief Garcia.

### B. *Officer Harris*

Next, Brown does not defeat Officer Harris's qualified immunity defense. Harris argues that Brown cannot surmount her entitlement to qualified immunity because his Complaint "does not allege that [she] was present at the time of the encounter, or that she in any way participated in the alleged use of force against [Brown]." Harris's Mot. 2. But attachments to Brown's complaint, *see* Attach. at 3 (ECF No. 6), suggest that Harris witnessed the arrest and use of force against Brown.[2] Also, in Brown's Response to Harris's Motion, he argues that Harris acted wrongfully in that she "at no time attempt[ed] to prevent f[u]rther excessive force after the first punch" and she "never attempted to stop [Officer Lyons] or report

---

[2] Brown attaches a report from his parole hearing, which references the police report from DPD.

11

his wrongdoing . . . she is liable as a bystander." Resp. to Harris's Mot. (ECF No. 43).

"An officer may be liable under § 1983 under a theory of bystander liability where the officer '(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act.'" *Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013) (citing *Randall v. Prince George's Cnty., Md.*, 302 F.3d 188, 204 (4th Cir. 2002). Assuming without deciding that Brown has pleaded Lyons used excessive force against him in violation of his constitutional rights,³ Brown does not plead facts that allow this Court to reasonably infer Officer Harris's bystander liability. At most, Brown alleges that Harris "witnessed the arrest and at no time did she attempt to prevent f[u]rther excessive force." Resp. to Harris's Mot. 1. These facts are not enough for the Court to infer that Harris had a reasonable opportunity to prevent the harm and chose not to act. In resolving whether a plaintiff has sufficiently alleged a bystander liability claim, courts also consider whether an officer "acquiesce[d] in" the alleged constitutional violation. *Whitley*, 726 F.3d at 647 (citing *Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995). Again, the facts as

---

³ Harris seems to argue that Brown's allegations are insufficient to make out a claim for bystander liability because he "only claimed he was struck" and therefore "has not pled sufficient facts to state a claim for excessive force" – so there is no violation of Brown's Fourth Amendment rights. Harris's Reply 2 (ECF No. 48). However, Brown alleges that he was "beaten," "punched in the face with a closed fist while on the ground handcuffed," and that his "head was raised and then slammed into the concrete." Compl. (ECF No. 3). He also alleges he suffered three lost teeth and facial lacerations. *Id.*

12

alleged do not allow the Court to infer that Harris acquiesced in any alleged use of excessive force. *Cf. Hale*, 45 F.3d at 919 (genuine dispute existed as to whether an officer's laughing and shouting encouragement to another officer who was committing a constitutional violation constituted acquiescence in the latter's conduct).

The District Judge should dismiss with prejudice Brown's claims against Officer Harris.

**Leave to Amend**

Brown filed motions seeking leave to amend his complaint (i) to add DPD Officer Luciano as a Defendant and (ii) to remove the City of Dallas, Chief Garcia, and Officer Harris as Defendants. *See* ECF Nos. 53 and 59. In view of the recommendation to grant the pending motions to dismiss, the District Judge should find that Brown's Motion to Remove the City, Chief Garcia, and Officer Harris as Defendants is moot. And for the reasons stated below, the District Judge should deny Brown leave to amend his Complaint to add Officer Luciano.

A plaintiff may amend his complaint once as a matter of right either 21 days after serving it on defendants or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Brown served his complaint on January 26, 2024 and more than 21 days passed since the City, Chief Garcia, and Officer Harris filed their motions to

13

dismiss under Rule 12(b)(6), so Brown may only amend his complaint with the Court's permission.

Leave to amend is "entrusted to the sound discretion of the district court[,]" *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005), abrogated on other grounds by *Burlington N. and Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006) (quoting *Quintanilla v. Tex. Television, Inc.*, 139 F.3d 494, 499 (5th Cir. 1988)), and Federal Rule of Civil Procedure 15(a) requires that courts freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2)); *see also Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002) (noting that motions for "leave to amend [should be granted] 'freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'"). The Court considers five factors in determining whether to grant leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir.2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Absent such circumstances, a court will generally grant the leave requested, as Rule 15(a) "expresses a strong presumption in favor of" allowing the amendment. *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir. 1997).

In response to Brown's Motion to Amend, Defendants argue that amending the complaint to add Officer Luciano would be futile "because the statute of limitations has expired for new defendants to be added and relate back to

[Brown's] original filing." Resp. 1 (ECF No. 55). The Court agrees that an amendment adding Luciano as a Defendant would be futile; the two-year statute of limitations has run; no extraordinary circumstances justify equitable tolling; and Brown cannot relate the proposed amendment back to the date of his original complaint.

"The statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state." *Piotrowski*, 237 F.3d at 576. Texas law imposes a two-year statute of limitations for personal injury claims, *see* Tex. Civ. Prac. & Rem. Code § 16.003(a), so Brown had two years to file suit from the date his § 1983 claim accrued. *Id.* (citing *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989). Brown's cause of action accrued—and the statutory period began to run—on the date of his arrest, June 4, 2022, when DPD officers allegedly used excessive force. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998) ("[t]he cause of action accrues, so that the statutory period begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action."); *see also Fenner*, 2023 WL 8720721, at *11 ("[p]laintiff knew the facts that form the basis of his claims . . . when the last allegedly unconstitutional event took place."); *see also Rogers v. Buchanan*, 2015 WL 5772203, at *3 (N.D. Tex. Aug. 4, 2015), adopted by 2015 WL 5771926 (N.D. Tex. Sept. 30, 2015) (explaining that the limitations period begins when a § 1983 plaintiff "knows or has reason to know of an injury and the cause of that injury – such as arrest by police officers that he believes to be wrongful or use of force by

prison guards that he believes to be excessive" and the plaintiff later learning that a particular defendant may also be liable does not restart the limitations period). Therefore, the two-year statute of limitations expired on June 4, 2024 and any claims against Officer Luciano are time barred, absent equitable tolling or relation back.

The Fifth Circuit has held that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), abrogation on other grounds recognized by *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)); *see also Rogers*, 2015 WL 5772203, at *3 (explaining that, in the context of identifying of defendants, equitable tolling is not warranted where a plaintiff did not explain efforts taken to identify defendants within the two-year limitations period or afterwards, therefore failing "to establish that he actively pursued his judicial remedies or otherwise acted diligently."). A movant bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). Defendants argue that "[n]othing in the record before the Court, or argued in [Brown's] Motion would portend equitable tolling would provide [Brown] additional time to meet the Texas statute of limitations." Resp. 6 (ECF No. 55).

Brown does not explain what role Officer Luciano is alleged to have had in his arrest or why he was unaware of Officer Luciano's alleged involvement earlier. And he has not shown that Officer Luciano—or anyone else—actively misled him about any cause of action or otherwise prevented him from asserting his rights in a timely manner. To the extent that Brown claims his incarceration, lack of knowledge of the legal process, and/or lack of counsel prevented him from pursuing a claim against Officer Luciano earlier,[4] the Court does not find Brown's circumstances constitute the extraordinary circumstances needed to justify tolling. *See Puderer v. Cain*, 830 F. App'x 458, 459 (5th Cir. 2020) (applying the holding that "an inmate's *pro se* status, ignorance of the law, and lack of access to the prison law library do not constitute the sort of rare and exceptional circumstances that justify equitable tolling of the statute of limitations" to a § 1983 claim).

Lastly, the Court considers whether the untimely proposed amendment relates back to Brown's original Complaint. Brown's claims accrued on June 4, 2022 and barring an exception, the applicable statute of limitations required him to file his claims by June 4, 2024. Brown can relate the proposed amendment (adding Luciano) back to the date of his original complaint (January 26, 2024) if he shows:

> (1) the basic claim arose out of the conduct set forth in [his] original complaint[]; (2) the part[y] to be brought in received such notice that

---

[4] In various filings on the record, Brown expresses these sentiments, for example, "the Court is clearly aware that I'm incarcerated and without resources needed to [identify the first name of Officer Lyons] . . . . I am forced to litigate against [a]ttorneys with a degree in law while I hold only a G.E.D." *See* ECF No. 40.

17

> [he] will not be prejudiced in maintaining [his] defense; (3) the part[y] knew or should have known that, but for a mistake concerning identity, the action would have been brought against [him]; and (4) the second and third requirements were fulfilled within the prescribed limitations period.

*Winzer v. Kaufman Cnty.*, 2016 WL 11664137, at *2 (N.D. Tex. Apr. 25, 2016) (citing Fed. R. Civ. P. 15(c) and *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998)). Rule 15(c) is "meant to allow an amendment changing the name of a party to relate back to the original complaint only if the change is the result of an error, such as a misnomer or misidentification." *Id.* (citing *Jacobsen*, 133 F.3d at 320); *see also Winzer v. Kaufman Cnty.*, 916 F.3d 464, 470-71 (5th Cir. 2019) ("[F]ailing to identify individual defendants cannot be characterized as a mistake."). Here, there is no mistake in identifying the correct defendant—Brown simply did not identify Luciano at all. Therefore, Brown cannot relate the proposed amendment back to the date of his original complaint and it remains time barred.

The District Judge should deny Brown leave to amend because any attempt to add Luciano as a Defendant would be futile.

## Recommendation

The District Judge should grant the pending motions to dismiss (ECF Nos. 23, 24, and 35) under Federal Rule of Civil Procedure 12(b)(6) and dismiss with prejudice Brown's claims against the City, Chief Garcia, and Officer Harris. The District Judge should find that Brown's Motion to Remove (ECF No. 59) the City of Dallas, Chief Garcia, and Officer Harris as Defendants is moot and should deny Brown leave to amend his complaint to add another defendant (ECF No. 53).

**SO RECOMMENDED**.

December 31, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district judge, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).